UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KIMBERLY SCOTT,<br><br>        Plaintiff,<br><br>  vs.<br><br>SPOKANE COUNTY SHERIFF'S OFFICE, and CHENEY POLICE DEPARTMENT,<br><br>        Defendants. | NO.  CV-12-207-LRS<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

     On May 1, 2012, the Court dismissed the Plaintiff's complaint granting her leave to amend on or before May 30, 2012.  Plaintiff's complaint was unintelligible and failed to meet the pleading requirements of Federal Rules of Civil Procedure 8 and 9.  Plaintiff has since filed two additional pleadings with the court, totaling 129 pages (ECF Nos. 4,5).  These documents, like the complaint, are full of disjointed incomplete sentences which are hopelessly unintelligible. The Plaintiff's filings fail to coherently state the wrong alleged, who committed the wrong, and what facts support such claim. Plaintiff mentions, among other things, the Police Departments have criminals working for them who have kidnapped the missing people attached to her amended complaint.

ORDER OF DISMISSAL - 1

The Court is mindful that the plaintiff is proceeding *pro se* and that his submissions should be held to less stringent standards than formal pleadings drafted by lawyers. However, the Plaintiff's claims are simply indiscernible. Thus the defects of Plaintiff's complaint remain uncured. It is appropriate to dismiss a complaint with prejudice "where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir.1988); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam) (final dismissal appropriate where complaint was "a labyrinthine prolixity of unrelated and vituperative charges that defied comprehension" and amended complaint failed to cure defect). While this Court notes that dismissal of a Plaintiff's claim is strongly disfavored, it is also true that the not insubstantial burden on judicial resources by such poorly articulated and frivolous claims may detract from the proper attention other meritorious claims deserve. Furthermore, since the "plain" statement requirement of Rule 8(a)(2) is intended to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial, the absence of clearly articulated legal and factual allegations in the filings of record would place the Defendants in an impossible position.

The Plaintiff was previously warned that the failure to amend her complaint would result in the dismissal of this lawsuit.

Accordingly, For the reasons stated above, the complaint and subsequent amendments filed by Plaintiff are dismissed with prejudice.

///

ORDER OF DISMISSAL - 2

**IT IS SO ORDERED**. The District Court Executive is directed to provide copies of this Order to the parties and close the file.

**DATED** this  1st  day of June, 2012.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL – 3